## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **ROBERT RICKETTS** | : | |
| **Plaintiff,** | : | |
| | : | **No. 21-cv-282 (VLB)** |
| **v.** | : | |
| | : | |
| **JOHN JOYCE** | : | **March 8, 2021** |
| **MARGARET BOZEK** | : | |
| **NANCY EISWIRTH,** | : | |
| **In her individual and official** | : | |
| **capacity,** | : | |
| **STEPHEN HUMPREY,** | : | |
| **In his individual and official capacity** | | |
| **JACQUELINE NEWHOUSE,** | | |
| **In her individual and official capacity** | | |
| **Defendants.** | | |

### Opinion and Order to Show Cause

Plaintiff Robert Ricketts, an attorney, filed a *pro se* action against the above captioned defendants related to a custody dispute between Plaintiff and non-party Janelle Mallett. The Court has reviewed the complaint *sua sponte* and determine that the Court's subject matter jurisdiction appears lacking. Plaintiff is ordered to show cause as to why the Court must not dismiss the action for lack of subject matter jurisdiction.

### Background

The following facts are taken from the Complaint [Dkt. 1] and are assumed to be true for purposes of determining whether the Court has subject matter jurisdiction. *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014).

1

According to the Complaint, following a police incident in December 2016, Margaret Bozek was appointed by the Superior Court to serve as a *guardian ad litem* for Plaintiff's children. [Dkt. 1 (Compl.) ¶ 22]. Plaintiff alleges that his minor children complained of being abused and having their food withheld while in Ms. Mallett's care. *Id.* ¶ 23.[1] Plaintiff observed that his children were underdressed for the weather and the children reported that Ms. Mallett smacked them on the face. *Id.* ¶ 24. Plaintiff alleges that his child was left in a stranger's care in April 2017 and complained that the stranger had acted inappropriately towards the child. *Id.* ¶ 27. The child was assaulted by the stranger two months later. *Id.* ¶ 29. Plaintiff alleges that he reported these issues to Ms. Bozek, but she failed to intervene or act in the children's best interest. *Id.* ¶¶ 23-24, 26-29. Plaintiff also alleges that Nancy Eiswirth, a family therapist, failed to report these allegations to the Connecticut Department of Children and Families. *Id.* ¶¶ 9, 26-29.

In July 2015, the children were removed from Ms. Mallett's custody and taken to Connecticut Children's Medical Center for observation. *Id.* ¶ 32. Plaintiff reported further incidents of erratic behavior by Ms. Mallett to Ms. Bozek, but she did not intervene *Id.* ¶¶ 33-37. Thereafter, the court ordered an evaluation of the children by psychotherapist Stephen Humphrey, who failed to perform a complete evaluation and instead aided Ms. Bozek in concealing her negligence. *Id.* ¶ 39.

---

[1] Throughout the complaint, Plaintiff alleges that his children were maltreated by the "defendant," which the Court interprets to mean Ms. Mallett, who is a non-party, based on the context of the allegations and the custody dispute.

The case caption also lists John Joyce, the family therapist Plaintiff and Ms. Mallett saw before Plaintiff filed for divorce, but no claims are alleged against Mr. Joyce. *See Id.* ¶¶ 7, 13, 15. In the causes of action section of the complaint, Plaintiff alleges negligence by Jackie Newhouse because she made false and slanderous statements to Mr. Humphrey, which he relied on in his report. *Id.* ¶¶ 34-36. There are otherwise no allegations against Ms. Newhouse.

The opening paragraph of the complaint alleges that the action is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, 42 U.S.C. § 1983, *et seq.*, and Sections 46a-60(a)(1), *et seq.*, of the Connecticut General Statutes. [Dkt. 1 (Compl.) ¶ 1]. Additionally, the first paragraph also states that "[t]he [plaintiff] also was the victim of violations under the Americans With Disabilities Act, and The Health Insurance Portability and Accountability Act of 1996 (HIPAA)."

Plaintiff avers that jurisdiction is invoked under the provisions of 42 U.S.C. § 12101, 42 U.S.C. § 2000e, and 42 U.S.C. § 1983. *Id.* ¶ 2. Additionally, Plaintiff avers that the Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1332, and under 42 U.S.C. § 1988. *Id.* ¶ 3.

The Complaint alleges the following causes of action:

1. Negligence as to Ms. Bozrek;
2. Tortious Interference with a business contract as to Ms. Bozrek;
3. Extortion as to Ms. Bozrek;
4. Fraud as to Ms. Bozrek;
5. Fraud as to Mr. Humphrey;
6. Negligence as to Mr. Humphrey;
7. Negligence as to Ms. Eiswirth;
8. Fraud as to Ms. Eiswirth; and

9. Negligence as to Ms. Newhouse

<u>Discussion</u>

Federal courts have limited subject matter jurisdiction. *Gunn v. Minton*, 568 U.S. 251, 256 (2013). The party asserting federal jurisdiction must establish jurisdiction exists by a preponderance of the evidence. *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006). "Subject matter jurisdiction is not waivable, and a lack of subject matter jurisdiction may be raised at any time, by a party or the court *sua sponte.*" *See Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012); *see also Sebelius v. Auburn Reg'l Med. Ctr.*, 568 U.S. 145, 153 (2013) ("Objections to a tribunal's jurisdiction can be raised at any time, even by a party that once conceded the tribunal's subject-matter jurisdiction over the controversy."). If a court lacks subject matter jurisdiction, it must dismiss the action. *See* Fed. R. Civ. P. 12(h)(3).

First, Plaintiff argues that the Court has subject matter jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a). However, the complaint does not allege the citizenship of any of the defendants and does not allege credibly or otherwise that the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a). Accordingly, Plaintiff has not established his burden of showing that the Court has subject matter jurisdiction by virtue of diversity of citizenship pursuant to § 1332(a).

Next, pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." In most cases, federal question jurisdiction arises where federal law creates the right of action. *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804,

4

808 (1986)(citing *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 6-9 (1983) and *American Well Works Co. v. Layne & Bowler Co.,* 241 U.S. 257, 260 (1916)). A case also arises under federal law when "…vindication of a right under state law necessarily turn[s] on some construction of federal law." *Franchise Tax Bd.*, 463 U.S. at 9. The federal issue to be resolved must be "substantial," meaning "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258.

Here, Plaintiff has not alleged a cause of action that "arises under" federal law. The opening paragraph of Plaintiff's complaint references Title VII of the Civil Rights Act of 1964. Title VII makes it unlawful to discriminate against an individual with respect to the terms and conditions of employment on the basis of an individual's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e(2)(a). The complaint does not reference any employment related discrimination in violation of Title VII and it is not asserted as a cause of action against any defendant.

Similarly, the opening paragraph also alleges that the complaint is brought pursuant to the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.* ("ADA") and the Health Insurance Portability and Accountability Act of 1996, 42 U.S.C. §§ 1320 *et seq.* ("HIPAA"). The first paragraph states "…defendants discriminated against the plaintiff in psychological evaluation on the grounds of his gender and disability." (sic). The complaint is otherwise devoid of factual allegations establishing that Plaintiff is a qualified individual with a disability pursuant to 42

5

U.S.C. § 12102. None of the claims alleged assert a violation of the ADA against any defendant.

Similarly, Plaintiff does not allege that any of the named defendants violated HIPAA. Moreover, the Second Circuit has now held that HIPAA does not provide a private right of action. *Meadows v. United Servs., Inc.*, 963 F.3d 240, 242 (2d Cir. 2020). Instead, it is enforced by the Secretary of Health and Human Services. 42 U.S.C. § 1320d-3, § 1320d-5. A violation of HIPAA does not constitute a substantial federal issue to establish jurisdiction. *Klein v. Aicher*, No. 19-CV-9172 (RA), 2020 WL 4194823, at *2-6 (S.D.N.Y. July 21, 2020), *appeal withdrawn*, No. 20-2775, 2020 WL 8575591 (2d Cir. Oct. 29, 2020)(state law claims alleging violation of HIPAA did not present a substantial federal question).

Section 1988 is asserted as a basis for federal jurisdiction. However, § 1988 does not create a right of action. *Weiss v. Violet Realty, Inc.*, 160 F. App'x 119, 120 (2d Cir. 2005). The statute is procedural in its command to courts that in cases where federal jurisdiction exists and "… where there are gaps in federal law with respect to the availability of suitable remedies for civil rights violations, the courts should look to state law insofar as it is not inconsistent with federal law." *Valley Disposal, Inc. v. Cent. Vt. Solid Waste Mgmt. Dist.*, 113 F.3d 357, 362 (2d Cir.1997).

Finally, Section 1983 provides, in relevant part, "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the

deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . " Thus, a claim brought under Section 1983 "arises under" federal law because the statute creates a cause of action against "any person" who deprives another of their federal rights.

To establish a claim under Section 1983, a plaintiff must allege that (1) the defendant was a state actor, i.e., acting under color of state law, when they committed the violation and (2) the defendant deprived the plaintiff of "rights, privileges or immunities secured by the Constitution or laws of the United States." *Hayut v. State Univ. of N.Y.*, 352 F.3d 733, 743–44 (2d Cir.2003) (internal quotation marks omitted).

Here, Plaintiff has not alleged that he has been deprived of the "rights, privileges or immunities secured by the Constitution or laws of the United States" by a state actor, nor has he expressly alleged a cause of action under § 1983. Of note, in *Milan v. Wertheimer*, 808 F.3d 961 (2d Cir. 2015), the Second Circuit held that *guardian ad litems* are not state actors for purposes of § 1983 because they are obliged to represent the interests of their clients and not the interest of the state. The Second Circuit analogized guardians' role to court appointed defense counsel in criminal proceedings. *Id.* at 964.

In each count in the complaint, Plaintiff states "as a result of the defendant's negligence, the plaintiff has been prejudiced in the judicial system and equal access to the courts." *See, e.g.* Compl. ¶ 45. But Plaintiff does not allege how he

7

was prejudiced in the judicial system or denied equal access to the courts. Absent any colorable allegation that Plaintiff was deprived of a federally protected right, the Court cannot conclude that any of the tort claims asserted in counts 1-9 of the complaint are actually claims brought under Section 1983.

Because Plaintiff's complaint does not establish that the Court has original jurisdiction over any of the claims against any of the parties, the Court could not exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. The Court must therefore dismiss the complaint absent a showing by Plaintiff that he has plausibly alleged a claim "arising under" federal law and not subject to immunity or abstention doctrines.

<u>Conclusion</u>

As explained above, the allegations in the complaint do not establish that the Court has subject matter jurisdiction as Plaintiff has not alleged causes of action that "arise under" federal law pursuant to 28 U.S.C. § 1331. Plaintiff's allegations appear to be state tort claims with a connection to custody proceedings.  Plaintiff must therefore show cause as to why federal subject matter jurisdiction exists and/or amend the complaint to cure any deficiencies.

Plaintiff is ordered to show cause as to why the Court must not dismiss the action for lack of subject matter jurisdiction within 21 days of this ruling. The Court notes that pursuant to Fed. R. Civ. P. 15(a), Plaintiff may amend his complaint once as a matter of course within 21 days of serving it. If Plaintiff files an amended

complaint, Plaintiff may address why subject matter jurisdiction exists over the amended complaint.

IT IS SO ORDERED

_____/s/_____

Hon. Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: March 8, 2021